# IN THE COURT OF APPEALS OF IOWA

No. 22-0055
Filed February 8, 2023

**STATE OF IOWA,**
         Plaintiff-Appellee,

**vs.**

**CHRIS WILLIAM KELLY, JR.,**
         Defendant-Appellant.
_____

         Appeal from the Iowa District Court for Linn County, Christopher L. Bruns,

Judge.


         Chris Kelly Jr. appeals the district court's partial denial of his motion to

quash a garnishment. **AFFIRMED.**


         Fred Stiefel, Victor, for appellant.

         Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.


         Considered by Vaitheswaran, P.J., Ahlers, J., and Carr, S.J.*

         *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**VAITHESWARAN, Presiding Judge.**

This is an appeal from the district court's partial denial of a motion to quash a garnishment. The garnishment proceeding was initiated by the Linn County Sheriff, who claimed Chris Kelly Jr. had $400 in his possession when he turned himself in to the Linn County jail on a matter that was an outgrowth of a criminal sentencing order.

Kelly sought relief from garnishment, asserting the $400 was not his. He later filed a motion to quash the garnishment, claiming the jail confiscated an additional $33. At a hearing on the motion, Kelly acknowledged the funds were "garnishable" but asserted that, "from a humane point of view," the court should allow him to use them for "hygiene" needs while jailed.

The district court determined the $400 sum in Kelly's possession was available for Kelly's use and was "subject to garnishment." The court quashed garnishment of the remaining $33.02.

On appeal, Kelly contends Iowa Code section 627.6(14) (2018) exempts "[t]he debtor's interest, not to exceed one thousand dollars in the aggregate, in any cash on hand . . . whether otherwise exempt or not under this chapter." The State responds that Kelly failed to preserve error. That is precisely what the court of appeals held in *State v. Stanton*, No. 16-1193, 2018 WL 1182617, at *3 (Iowa Ct. App. Mar. 7, 2018). We stated the defendant "did not preserve error on his claim that he [was] entitled to an exemption under section 627.6(14)." *Stanton*, 2018 WL 1182617, at *3. In light of *Stanton*, which serves as persuasive authority, we

conclude Kelly did not preserve error on his claim that the $400 in funds were exempt from execution.

**AFFIRMED.**